1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   DONNA RUTH O'CONNOR ROSE, an        NO. CIV. 2:12-225 WBS CMK
     individual,
13
              Plaintiff,               MEMORANDUM AND ORDER RE:
14                                     MOTION TO REMAND AND MOTION TO
         v.                            DISMISS
15
     J.P. MORGAN CHASE, N.A., a
16   corporation,

17            Defendant.
     _____/
18

19                         ----oo0oo----

20        Plaintiff Donna Ruth O'Connor-Rose brought action

21   against defendant J.P. Morgan Chase ("Chase") in state court,

22   stating claims for breach of contract, fraud, violation of

23   California Civil Code section 1788.2, violation of California

24   Business and Professions Code section 17200 et seq., accounting,

25   and injunctive relief arising from Chase's allegedly wrongful

26   conduct related to a residential loan.  After Chase removed the

27   proceeding to this court on the basis of diversity jurisdiction,

28   plaintiff brought a motion to remand.  (Docket No. 8.)  Chase has

                                   1

filed a motion to dismiss plaintiff's claims for fraud, violation of the Rosenthal Act, accounting, and injunctive relief for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  (Docket No. 5.)

I.   Factual and Procedural Background

In approximately January of 2006, plaintiff purchased a home located at 3794 Mario Ave, Redding, California (the "Mario Avenue property") with a loan of $349,400 from Chase.  (Notice of Remand Ex. A ("Compl.") ¶ 6 (Docket 1).)  In connection with the loan, plaintiff executed a Promissory Note in favor of Chase, which was secured by a Deed of Trust encumbering the property. (Def.'s Req. for Judicial Notice Ex. A (Docket No. 6).)  As of November of 2011, the principle balance on the loan was $321,581.93.  (Compl. ¶ 9.)

Plaintiff alleges that she had cured a prior deficiency on her loan, and was current with required payments as of December 2010.  (Id. ¶ 10.)  She further alleges that although she made payments that were more than adequate to cover the monthly installments due under her loan, defendant failed to properly credit payments to her account throughout 2011.  (Id. ¶¶ 11-46.).  As a result of defendant's "crooked accounting," she claims that defendant repeatedly falsely represented that her loan was in default when in fact she had paid more than was due on the loan.  (Id.)

According to plaintiff, in November of 2011, she received a Notice of Default from Chase falsely indicating that $5,185.58 was past due on her loan.  (Id. ¶ 39.)  In reality, plaintiff contends that as of November 2011 she had paid

2

1   approximately $5,000 more than was due on her loan.  (<u>Id.</u> ¶ 40.)

2   When she alerted Chase to its accounting errors, Chase allegedly

3   continued to misrepresent the amount due on her loan.  (<u>Id.</u> ¶¶

4   43-44.)

5          On December 6, 2011, plaintiff claims that another

6   notice of default in the amount of $5,185.58 was served on her,

7   when in fact she had paid "at least through February 2012."  (<u>Id.</u>

8   ¶¶ 45-46.)  When plaintiff again complained to Chase about its

9   alleged failure to properly credit her payments to her account,

10  she contends that it responded that it was "investigating" the

11  matter.  (<u>Id.</u> ¶ 47.)

12         Plaintiff filed her Complaint on December 28, 2011, and

13  the proceeding was removed to this court on January 27, 2012.

14  (Docket No. 1.)  Plaintiff has filed a motion to remand and Chase

15  has filed a motion to dismiss.

16  II.  <u>Discussion</u>

17      A.   <u>Remand to State Court</u>

18         "[A]ny civil action brought in a State court of which

19  the district courts of the United States have original

20  jurisdiction, may be removed by the defendant or the defendants,

21  to the district court of the United States for the district . . .

22  where such action is pending."  28 U.S.C. § 1441(a).  The Ninth

23  Circuit strictly construes the removal statute against removal

24  jurisdiction, and the party seeking removal bears the burden of

25  establishing federal jurisdiction.  <u>Geographic Expeditions, Inc.</u>

26  <u>v. Estate of Lhotka</u>, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing

27  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992)).  Any

28  questions regarding the propriety of removal are resolved in

                                    3

1  favor of the party moving for remand.   Matheson v. Progressive
2  Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).   If
3  removal was improper, "the district court lack[s] subject matter
4  jurisdiction, and the action should [be] remanded to the state
5  court."   Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998)
6  (citing 28 U.S.C. § 1447(c)).

7          Federal courts have original jurisdiction over cases
8  where complete diversity exists between the parties and the
9  amount in controversy exceeds $75,000.   28 U.S.C. § 1332.   Here,
10 the parties do not dispute that diversity exists between all
11 parties.   The remaining issue, therefore, is whether the amount
12 in controversy exceeds $75,000.

13         One of the remedies requested by plaintiff is a
14 permanent injunction barring Chase from initiating or completing
15 any foreclosure proceedings related to the Mario Avenue property.
16 "In actions seeking declaratory or injunctive relief, it is well
17 established that the amount in controversy is measured by the
18 value of the object of the litigation."   Cohn v. Petsmart, 281
19 F.3d 837, 840 (9th Cir. 2002) (citing Hunt v. Wash. State Apple
20 Adver. Comm'n, 432 U.S. 333, 347 (1977)).   Where the state court
21 complaint does not specify an exact damages figure, the defendant
22 must establish that the amount in controversy exceeds the
23 statutory minimum by a preponderance of the evidence.   Sanchez v.
24 Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

25         In cases where, as here, plaintiff seeks to enjoin a
26 foreclosure sale, "the value of the property is the object of the
27 litigation for the purposes of determining whether the
28 amount-in-controversy requirement has been met."   Reyes v. Wells

4

Fargo Bank, N.A., No. C-10-01667, 2010 WL 2629785, at *5 (N.D.
Cal. June 29, 2010); see also Garcia v. Citibank, N.A., No.
2:09-CV-03387, 2010 WL 1658569, at *2 (E.D. Cal. Apr. 23, 2010);
Cabriales v. Aurora Loan Servs., No. C 10-161, 2010 WL 761081, at
*4 (N.D. Cal. Mar. 2, 2010).

Chase has shown that the Mario Avenue property was used
to secure a loan of $349,000.  (Def.'s Req. for Judicial Notice
Ex. A.)  Although its property value may have decreased somewhat
since then, it is likely that the Mario Avenue property's current
value exceeds $75,000.  See Cabriales, 2010 WL 761081, at *3
(absent evidence to the contrary, property used to secure a loan
of $465,000 satisfied amount-in-controversy).  The court also
notes that as of November 2011, the total principle balance on
the loan is over $300,000.  See Reyes, 2010 WL 2629785, at *5
(noting that in foreclosure cases, some courts determine the
amount in controversy according to the amount of indebtedness on
the loan).  This is sufficient to suggest by a preponderance of
the evidence that the amount in controversy is above $75,000.

In arguing that the statutory minimum is not met,
plaintiff represents that she has abandoned her requests for
injunctive relief, so that the value of the house should no
longer be considered in calculating the amount in controversy.[1]

---

[1]    In her Motion to Remand, plaintiff also suggests that
the court should not consider the value of the Mario Avenue
property in determining the amount in controversy in light of the
fact that her request to enjoin foreclosure proceedings is no
longer relevant because there is no current Notice of Default or
other "foreclosure document" filed.  (Mot. to Remand at 9:15-21.)
This is clearly in contradiction with the allegations in her
Complaint suggesting that her property is in jeopardy of being
wrongfully foreclosure upon absent judicial action.  It also does

1   This argument fails to demonstrate that remand would be
2   appropriate for two primary reasons.  First, plaintiff has not
3   amended the complaint or otherwise taken steps to eliminate her
4   request for injunctive relief.  Second, "diversity jurisdiction
5   is determined at the time the action commences, and a federal
6   court is not divested of jurisdiction . . . if the amount in
7   controversy subsequently drops below the minimum jurisdictional
8   level."  Hill v. Blind Indus. & Servs. of Md., 179 F.3d 754, 757
9   (9th Cir. 1999).  Plaintiff cannot rely on "[e]vents occurring
10  subsequent to the institution of suit which reduce the amount
11  recoverable below the statutory limit" to show that removal was
12  improper because such events "do not oust jurisdiction."  Budget
13  Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir.
14  1997) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303
15  U.S. 283, 289 (1938)).  Accordingly, the court will deny
16  plaintiff's motion to remand.

17        B.   Motion to Dismiss

18        To survive a motion to dismiss, a plaintiff must plead
19  "only enough facts to state a claim to relief that is plausible
20  on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
21  (2007).  This "plausibility standard," however, "asks for more
22  than a sheer possibility that a defendant has acted unlawfully,"
23  Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949
24  (2009), and "[w]here a complaint pleads facts that are 'merely
25  consistent with' a defendant's liability, it 'stops short of the

26

27  nothing to change the fact that plaintiff's Complaint is drafted
    to include a request for a permanent injunction barring Chase
28  from foreclosing on the Mario Avenue property.

6

1  line between possibility and plausibility of entitlement to

2  relief.'" Id. (quoting Twombly, 550 U.S. at 557).  In deciding

3  whether a plaintiff has stated a claim, the court must accept the

4  allegations in the complaint as true and draw all reasonable

5  inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

6  U.S. 232, 236 (1974), overruled on other grounds by Davis v.

7  Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

8  (1972).

9        In general, a court may not consider items outside the

10  pleadings upon deciding a motion to dismiss, but may consider

11  items of which it can take judicial notice.  Barron v. Reich, 13

12  F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial

13  notice of facts "not subject to reasonable dispute" because they

14  are either "(1) generally known within the territorial

15  jurisdiction of the trial court or (2) capable of accurate and

16  ready determination by resort to sources whose accuracy cannot

17  reasonably be questioned."  Fed. R. Evid. 201(b).

18        Chase requests that the court judicially notice several

19  publically recorded documents.  (See Def.'s Request for Judicial

20  Notice Exs. A-E.)  The court will take judicial notice of these

21  documents, since they are matters of public record whose accuracy

22  cannot be questioned.  See Lee v. City of Los Angeles, 250 F.3d

23  668, 689 (9th Cir. 2001).

24        1.   Fraud

25        In California, the elements of a claim for fraud are

26  "(a) a misrepresentation (false representation, concealment, or

27  nondisclosure); (b) knowledge of falsity (or 'scienter'); ©)

28  intent to defraud, i.e., to induce reliance; (d) justifiable

7

1 reliance; and (e) resulting damage." <u>In re Estate of Young</u>, 160

2 Cal. App. 4th 62, 79 (4th Dist. 2008) (quoting <u>Lazar v. Super.</u>

3 <u>Ct.</u>, 12 Cal. 4th 631, 638 (1996)) (internal quotation marks

4 omitted).  Under the heightened pleading requirement for claims

5 of fraud under Federal Rule of Civil Procedure 9(b), "a party

6 must state with particularity the circumstances constituting

7 fraud or mistake."  Fed. R. Civ. P. 9(b).  A plaintiff must

8 include the "who, what, when, where, and how" of the fraud.  <u>Vess</u>

9 <u>v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003)

10 (quoting <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997)).

11      Plaintiff claims that Chase engaged in fraud by making

12 various misrepresentations related to the amount due on her

13 mortgage.  Nowhere in her Complaint, however, does she allege any

14 facts indicating that Chase had any knowledge of the falsity of

15 these misrepresentations or that Chase acted with an intent to

16 defraud her.  Accordingly, plaintiff has failed to state a claim

17 for fraud.

18           2.  <u>Violation of the Rosenthal Act</u>

19      Plaintiff's third cause of action alleges that Chase

20 violated the Rosenthal Fair Debt Collection Practices Act

21 ("Rosenthal Act").  The Rosenthal Act prohibits a variety of

22 unfair and oppressive methods of collecting debt, but to be

23 liable under the act, a defendant must fall under its definition

24 of a "debt collector."  <u>Izenberg v. ETS Servs., LLC</u>, 589 F. Supp.

25 2d 1193, 1199 (C.D. Cal. 2008).  A "debt collector" under the

26 Rosenthal Act is "any person who, in the ordinary course of

27 business, regularly, on behalf of himself or herself or others,

28 engages in debt collection."  Cal. Civ. Code § 1788.2(c) (2008).

1    A residential home loan, however, is not a "debt" under

2 the Rosenthal Act.  Morgera v. Countrywide Home Loans, Inc., No.

3 2:09-cv-1476, 2010 WL 160348, at *3 (E.D. Cal. Jan. 11, 2010);

4 see also Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at

5 *4 (S.D. Cal. Aug. 4, 2009) (dismissing with prejudice

6 plaintiff's unfair debt collection claims in foreclosure case);

7 Rosal v. First Fed. Bank of Cal., No. C 09-1276, 2009 WL 2136777,

8 at *18 (N.D. Cal. July 15, 2009) (dismissing Rosenthal Act claim

9 as to all defendants in foreclosure case); Pittman v. Barclays

10 Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3

11 (S.D. Cal. Apr. 24, 2009) (dismissing with prejudice plaintiff's

12 Rosenthal Act claim in foreclosure case because a "residential

13 mortgage loan does not qualify as a 'debt' under the statute").

14 Since residential mortgage loans are not covered by the Rosenthal

15 Act, the court will grant Chase's motion to dismiss plaintiff's

16 claim for violations of the Rosenthal Act.

17        3.   Claims for Accounting and Injunctive Relief

18    Plaintiff's fifth and sixth causes of action are for

19 accounting and injunctive relief.  Under California law, a claim

20 for accounting is not considered a stand-alone claim.  Batt v.

21 City & Cnty. of S.F., 155 Cal. App. 4th 65, 82 (1st Dist. 2007)

22 (Accounting "is not an independent cause of action but merely a

23 type of remedy, an equitable remedy at that.").  Because

24 plaintiff's accounting claim is related to her breach of contract

25 claim, which defendant does not address in its motion to dismiss,

26 the court will interpret this claim as a prayer for relief

27 attached to her breach of contract claim and will not dismiss it

28 at this time.

Claims for injunctive relief have been consistently classified under California law as remedies and not valid causes of action in their own rights.  See e.g., Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (4th Dist. 1942) ("Injunctive relief is a remedy and not, in itself, a cause of action.").  Accordingly, the court will dismiss plaintiff's sixth cause of action.

IT IS THEREFORE ORDERED that plaintiff's motion to remand be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Chase's motion to dismiss be, and the same hereby is, GRANTED as to plaintiff's claims for fraud, violation of the Rosenthal Act, and injunctive relief and DENIED as to plaintiff's claim for accounting.

Plaintiff has twenty days from the date of this Order to file an amended complaint, if she can do so consistent with this Order.

DATED:  March 13, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10