UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DONNA RUTH O'CONNOR ROSE, an individual, | NO. CIV. 2:12-225 WBS CMK |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT |
| v. | |
| J.P. MORGAN CHASE, N.A., a corporation, | |
| Defendant. | |

----oo0oo----

        Plaintiff Donna Ruth O'Connor-Rose brought an action against defendant J.P. Morgan Chase ("Chase") in state court, stating claims arising from Chase's allegedly wrongful conduct related to a residential loan.  Chase then removed the proceeding to this court on the basis of diversity jurisdiction.  (Docket No. 1.)  Currently before the court is Chase's motion to dismiss plaintiff's claim for constructive fraud for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Docket No. 17.)

1

I.  <u>Factual and Procedural Background</u>

In December of 2005, plaintiff obtained a loan in the amount of $349,000 from Chase, which was secured by a Deed of Trust encumbering property located at 3794 Mario Ave, Redding, California ("the property"). (First Amended Complaint ("FAC") at 12:6-9, Ex. 1.)[1] Plaintiff alleges that "[p]er paragraph 3 of the subject loan, Chase was the trustee of an escrow account which paid taxes, insurance and so forth," and that "[f]rom that position Chase had fiduciary duties over the periodic payments that the plaintiff made." (<u>Id.</u> at 2:16-22, Ex. 1.)[2]

According to plaintiff, from August to October of 2009 she fell behind on the monthly payments due under the loan. (<u>Id.</u> at 14:9-11.) Apart from this period of time, she alleges that she has paid more than was required under the terms of the loan agreement and is now current on her loan. (<u>Id.</u> at 6:2-23, 9:22-10:1, 11:17.) She further alleges that although she made payments that were more than adequate to cover the monthly installments due under her loan, Chase failed to properly credit payments to her account from the end of 2009 on. (<u>Id.</u> at 4-11.) As a result of Chase's "crooked accounting," plaintiff contends

---

[1] Plaintiff's FAC contains numbered paragraphs, however many numbers are repeated. The court therefore will refer to page and line numbers in its citations to the FAC.

[2] In general, a court may not consider items outside the pleadings upon deciding a motion to dismiss. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may consider material that is properly submitted as a part of the complaint. <u>Lee v. City of L.A.</u>, 250 F.3d 668, 688 (9th Cir. 2001). Plaintiff attached a number of exhibits to her FAC, including the loan agreement signed by the parties. As these materials were properly submitted as a part of the complaint, the court will consider them in ruling on Chase's motion to dismiss.

that Chase repeatedly and falsely represented that her loan was in default when in fact she had paid more than was due on the loan, (e.g., id. at 4:27-5:1, 7:4-8:12, 10:2-24), and caused two wrongful Notices of Default to be recorded, (id. at 5:14-25, 7:4-13, Exs. 8, 12; see also Def.'s Request for Judicial Notice ("RJN") Exs. B, D (Docket No. 18)).[3]  Chase rescinded each of these Notices of Default.  (FAC at 5:29-6:1, 8:13-16, Exs. 10, 15; see also RJN Exs. C, E.)

Plaintiff additionally alleges that Chase has falsely reported to third parties that she was late in making payments under the loan and in default and that credit agencies have "picked up on this reporting."  (FAC at 11:18-20, 14:4-7, Ex. 30.)

Plaintiff filed her Complaint on December 28, 2011, and the proceeding was removed to this court on January 27, 2012. (Docket No. 1.)  The court denied plaintiff's motion to remand and granted defendant's earlier motion to dismiss.  (Docket No. 15).  Plaintiff has filed a FAC stating claims for breach of contract and constructive fraud.  (Docket No. 16,)  Defendant has filed a motion to dismiss the claim for constructive fraud. (Docket No. 17.)

II. Discussion

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible

---

[3] Chase requests that the court judicially notice several publically recorded documents.  (See FAC Exs. A-E.)  The court will take judicial notice of these documents, since they are identical to materials attached to plaintiff's FAC and are matters of public record whose accuracy cannot be reasonably questioned.  See Lee, 250 F.3d at 689.

on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

"It is essential to the operation of the doctrine of constructive fraud that there exist a fiduciary or special relationship."  Peterson Dev. Co. v. Torrey Pines Bank, 233 Cal. App. 3d 103, 116 (4th Dist. 1991).  When there is a fiduciary relationship between two parties, "any material concealment or misrepresentation will amount to fraud sufficient to entitle the party injured thereby to an action."  Ford v. Shearson Lehman Am. Express, Inc., 180 Cal. App. 3d 1011, 1020 (2d Dist. 1986).  In order to state a claim for constructive fraud under California law, a plaintiff must allege (1) a fiduciary or confidential relationship, (2) an act, omission, or concealment involving a breach of that duty, (3) reliance, and (4) resulting damages. Assilzadeh v. Cal. Fed. Bank, 82 Cal. App. 4th 399, 414 (2d Dist. 2000).  Unlike an action for ordinary fraud, a constructive fraud

4

action does not require a showing that a defendant intended to defraud the plaintiff. <u>Mindys Cosmetics, Inc. v. Dakar</u>, 611 F.3d 590, 601 (9th Cir. 2010) (citing <u>Quintilliani v. Mannerino</u>, 62 Cal. App. 4th 54, 70, 72 (4th Dist. 1998)). Constructive fraud claims must still, however, be pled with particularity under the higher pleading standards of Rule 9(b). <u>Guerrero v. Greenpoint Mortg. Funding, Inc.</u>, 403 Fed. App'x 154, 156 (9th Cir. 2010); <u>Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC</u>, 634 F. Supp. 2d 1009, 1021 (N.D. Cal. 2007).

Here, plaintiff alleges that she and Chase were in a fiduciary relationship. "[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." <u>Comm. On Children's Television, Inc. v. Gen. Foods Corp.</u>, 35 Cal. 3d 197, 221 (1983). A fiduciary is required to give "priority to the best interests of the beneficiary." <u>Oakland Raiders v. Nat'l Football League</u>, 131 Cal. App. 4th 621, 641 (6th Dist. 2005) (quoting <u>Children's Television</u>, 35 Cal.3d at 222).

Plaintiff does not allege that the lender-borrower relationship imposes a fiduciary obligation on Chase as a matter of law. Indeed, such an argument would run contrary to well-established case law providing that the ordinary lender-borrower relationship does not impose any fiduciary duty on the lender. <u>See</u> <u>Bridgeman v. United States</u>, No. 10-01457, 2011 U.S. Dist. LEXIS 6059, at *52 (E.D. Cal. Jan. 21, 2011); <u>Oaks Mgmt. Corp. v. Superior Court</u>, 145 Cal. App. 4th 453, 466 (4th Dist. 2006); <u>Nymark v. Heart Fed. Savs. & Loan Ass'n</u>, 231 Cal. App. 3d 1089

5

(3d Dist. 1991). Instead, plaintiff alleges that Chase owed her a fiduciary duty under paragraph 3 of the loan agreement. That paragraph provides that plaintiff will pay certain funds to Chase to cover taxes, insurance premiums, and other "Escrow Items," and that Chase may collect and hold these funds in escrow. (FAC Ex. 1 ¶ 3.)

"Although parties may create fiduciary relationships by contract, mere contractual relationships, without more, do not give rise to fiduciary relationships." Sonoma Foods, Inc., 634 F. Supp. 2d at 1021 (internal quotation marks and alterations omitted). As alluded to above, under California law, a financial institution does not, as a general rule, owe a "duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark, 231 Cal. App. 3d at 1095-96 (citations omitted). However, a bank may "undertake obligations which bring it into a 'special relationship' with a customer," including when a bank affirmatively offers trust and other specifically fiduciary services. Copesky v. Superior Court, 229 Cal. App. 3d 678, 691 n.12 (4th Dist. 1991).

In Peterson, the plaintiff sought a construction loan from defendant Torrey Pines Bank ("TPB"), and under the loan agreement between the parties TPB provided certain escrow services. Peterson, 233 Cal. App. 3d at 109. The plaintiff alleged that TPB owed him a fiduciary duty based on its escrow-related conduct. Id. at 116. The court, however, rejected this argument, noting that it is not uncommon for a lending institution to handle escrow functions and holding that the

6

parties' relationship "fell into the usual category of an arm's length, adverse, 'normal commercial banking transaction.'" Id. at 119-20; see also Hudson v. Wells Fargo Bank, N.A., No. C-11-03966 JCS, 2011 WL 5882880, at *8 (N.D. Cal. Nov. 23, 2011) (plaintiff's allegations that funds from a rehabilitation loan were placed into a rehabilitation escrow account pursuant to the loan agreement were insufficient to give rise to fiduciary duty); Palestini v. Homecomings Fin., LLC, No. 10CV1049-MMA, 2010 WL 3339459, at *5 (S.D. Cal. Aug. 23, 2010) (claim for breach of fiduciary duty dismissed with prejudice because defendant responsible for an escrow account related to a home loan owed plaintiff no fiduciary duty).

An examination of the paragraph cited by plaintiff shows that while the paragraph does provide that Chase will create an escrow account in which it will hold a portion of the loan funds in order pay certain taxes and fees on the property, it does not contain any language either referring to a trust or suggesting that Chase agrees to hold funds in trust for plaintiff or give priority to her interests.  Because there are no nonconclusory allegations suggesting that defendant acted outside of the conventional role of a lender or agreed to act as a trustee for plaintiff, the FAC does not adequately allege a fiduciary relationship.  Accordingly, plaintiff's constructive fraud claim fails and the court will grant Chase's motion to dismiss the constructive fraud claim.[4]

---

[4] In her Opposition, plaintiff spends a good deal of time discussing the Real Estate Settlement Procedures Act ("RESPA"). Because she does not bring any claims under RESPA, however, this

7

1         IT IS THEREFORE ORDERED that Chase's motion to dismiss
2    plaintiff's claim for constructive fraud be, and the same hereby
3    is, GRANTED.
4         Plaintiff has twenty days from the date of this Order
5    to file an amended complaint, if she can do so consistent with
6    this Order.
7    DATED:   May 2, 2012

                         _____
                         WILLIAM B. SHUBB
                         UNITED STATES DISTRICT JUDGE

---

28   discussion is irrelevant.