UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DONNA RUTH O'CONNOR ROSE, an individual,

        Plaintiff,

   v.

J.P. MORGAN CHASE, N.A., a corporation,

        Defendant.
_____/

NO. CIV. 2:12-225 WBS CMK

<u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u>

----oo0oo----

        Plaintiff Donna Ruth O'Connor-Rose brought this action against defendant J.P. Morgan Chase ("Chase") stating claims arising from Chase's allegedly wrongful conduct related to a residential loan.  Currently before the court is Chase's motion to dismiss plaintiff's constructive fraud claim in her Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  (Docket No. 30.)

///

1

I.   <u>Factual and Procedural Background</u>

In December of 2005, plaintiff obtained a loan in the amount of $349,000 from Chase, which was secured by a Deed of Trust encumbering property located at 3794 Mario Ave in Redding, California ("the property"). (SAC ¶ 84 (Docket No. 27).) Plaintiff alleges that "[p]er paragraph 3 of the subject loan, Chase was the trustee of an escrow account which paid taxes, insurance and so forth," and that "[f]rom that position Chase had fiduciary duties over the periodic payments that the plaintiff made." (<u>Id.</u> ¶ 7.)

According to plaintiff, from August to October of 2009 she fell behind on the monthly payments due under the loan. (<u>Id.</u> ¶ 88.) Apart from this period of time, she alleges that she has paid more than was required under the terms of the loan agreement and is now current on her loan. (<u>Id.</u> ¶¶ 28, 53, 55, 75.) As a result of Chase's "crooked accounting," plaintiff contends that Chase repeatedly and falsely represented that her loan was in default when in fact she had paid more than was due on the loan, (<u>e.g.</u>, <u>id.</u> ¶¶ 16, 24, 33, 59-61, Ex. 22), and caused two wrongful Notices of Default to be recorded, (<u>id.</u> ¶¶ 23, 24, 32, 33, Exs. 8, 12). Chase rescinded each of these Notices of Default. (<u>Id.</u> ¶¶ 26, 40, Exs. 10, 15.)

On March 1, 2012, Chase allegedly sent plaintiff a statement indicating that she was two months past due on her loan, which plaintiff alleges is not correct. (<u>Id.</u> ¶¶ 70, 71.) On March 7, 2012, Chase caused another Notice of Default to be recorded. (<u>Id.</u> ¶ 73, Ex. 29.) Plaintiff alleges she is current on her loan, (<u>id.</u> ¶¶ 74, 75), but that since March 7, 2012, she

has not received any billing or notices and the bank refused to accept a monthly payment in April 2012, (id. ¶¶ 77, 78).

Plaintiff additionally alleges that she was harmed because Chase falsely reported to third parties that she was late in making payments under the loan and in default and that credit agencies have "picked up on this reporting." (Id. ¶¶ 76, 87, Ex. 30.)

Plaintiff filed her Complaint on December 28, 2011, in state court, and the proceeding was removed to this court on January 27, 2012. (Notice of Removal, Ex. A ("Compl.") (Docket No. 1).) The court denied plaintiff's motion to remand and granted in part Chase's motion to dismiss with leave to amend. (Docket No. 15.) Plaintiff filed her First Amended Complaint, (Docket No. 16), and the court granted Chase's motion to dismiss plaintiff's constructive fraud claim with leave to amend. (Docket No. 25.) Plaintiff filed her SAC on May 5, 2012, realleging breach of contract and constructive fraud claims. (Docket No. 27.) Plaintiff's only material amendments allege that Chase did not pay plaintiff interest on her loan escrow account, with the result that her payments should be considered "special deposits." (SAC ¶¶ 7, 85.) Chase now moves to dismiss plaintiff's constructive fraud claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

II. Discussion

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more

3

than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

  A. Constructive Fraud

    To state a claim for constructive fraud under California law, a plaintiff must allege (1) a fiduciary or confidential relationship, (2) an act, omission, or concealment involving a breach of that duty, (3) reliance, and (4) resulting damages. Assilzadeh v. Cal. Fed. Bank, 82 Cal. App. 4th 399, 414 (2d Dist. 2000). "It is essential to the operation of the doctrine of constructive fraud that there exist a fiduciary or special relationship." Peterson Dev. Co. v. Torrey Pines Bank, 233 Cal. App. 3d 103, 116 (4th Dist. 1991). Under California law, a financial institution does not, as a general rule, owe a "duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savs. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (3d Dist. 1991).

1         In its May 3, 2012, Order, this court held that Chase's ancillary performance of escrow services did not give rise to a fiduciary duty because Chase did not exceed its duties as a money lender and that therefore plaintiff's constructive fraud claim failed.  Plaintiff now asserts that because Chase did not pay her interest, her payments were special deposits that created a fiduciary relationship between her and Chase.

         "The payment of money may create either a debt or a trust, depending upon the intention of the parties." Abrams v. Crocker-Citizens Nat'l Bank, 41 Cal. App. 3d 55, 59 (1st Dist. 1974).  Whether a deposit creates a trust or a debt "depends upon the type of deposit made -- whether it is a general deposit or a special one." Van de Kamp v. Bank of Am., 204 Cal. App. 3d 819, 858 (2d Dist. 1988).  Special deposits may create a trust relationship wherein the bank owes a fiduciary duty towards the depositor. Goldblatt v. F.D.I.C., 105 F.3d 1325, 1329 (9th Cir. 1997).

         When money is deposited in a bank without any special agreement, the deposit is general and California law assumes a creditor-debtor relationship is created between the bank and the depositor. Van de Kamp, 204 Cal. App. 3d at 858.  The burden is on the depositor to overcome this presumption. Goldblatt, 105 F.3d at 1328 (citing Thompson v. Beitia, 69 F.2d 356, 358 (9th Cir. 1934)).  The depositor may overcome this presumption by showing that "the parties' agreement provides that the exact amount of money deposited was to be returned or the money was to be paid out by the bank for a specific purpose, the money was to be segregated from other assets rather than available for the

5

bank's general use, and the lender was not required to pay interest to the depositor in consideration of its use of the funds." Id. (citing Van de Kamp, 204 Cal. App. 3d at 858; Bank of Am. Nat'l Trust & Savs. Ass'n v. Cal. Savs. & Commercial Bank, 218 Cal. 261, 272-79 (1933)).

In Goldblatt, the court found that although the parties agreed that the plaintiff's deposit would be used by the bank for a specific purpose, the plaintiff was unable to overcome the presumption that his deposits were general because he allowed his deposits to commingle with the bank's general funds. Goldblatt, 105 F.3d at 1328. The Ninth Circuit explained that under California law, "[m]oney deposited with a bank for a particular purpose but, with the depositor's consent, commingled with other funds is a general deposit." Id. (quoting Bank of Am. Nat. Trust & Savs. Ass'n v. Bd. of Supervisors of L.A. Cnty., 93 Cal. App. 2d 75, 80 (2d Dist. 1949)).

In Petherbridge v. Prudential Savings & Loan Ass'n, 79 Cal. App. 3d 509 (4th Dist. 1978), the plaintiff alleged that a non-interest bearing impound account set up by her lender in her Deed of Trust created a trust relationship. Id. at 516, 518. The plaintiff asserted that her Deed of Trust created a fiduciary relationship because it stated her deposits would be "held in trust." Id. The court stated that whether there was a fiduciary duty depended on "whether the parties intended a trust or debtor-creditor relationship." Id. at 517. The manner in which the plaintiff paid the impounds and the short time between the bank's receipt of payments and payment of taxes, interest, and insurance premiums all supported the conclusion that "the relationship

6

intended was that of debtor-creditor, not trustee-beneficiary." Id. at 522-24.  That the funds were commingled with defendant's general funds and that, contrary to the purpose of a trust, the impound account, which was put in place to enhance the security of the Deed of Trust, was established for the security of the defendant rather than for the security of the plaintiff further evidenced that a trust was not created.  Id.

The facts alleged here are similar to those alleged in Petherbridge, where the court found that the parties did not have a fiduciary relationship.  The SAC does not allege that Chase held onto her deposits for an extended period of time before paying taxes, interest, and insurance premiums and, as in Petherbridge, the purpose of the escrow account is to secure the Deed of Trust and not to financially benefit plaintiff.  Further, there is no allegation that plaintiff's funds were to be segregated from Chase's general funds.

In Marsh, on which plaintiff relies, the court noted that a provision in a loan agreement stating that interest would not be paid on impound account deposits supported the conclusion that the parties intended to create a trust.  Marsh v. Home Fed. Savs. & Loan Ass'n, 66 Cal. App. 3d 674, 683 (4th Dist. 1977). In Marsh, however, the court found that the express language in the Deed of Trust and the parties' conduct indicated intent to form a trust.  Id.  Here, there is no language in plaintiff's Deed of Trust indicating intent to form a trust.

Plaintiff fails to allege facts sufficient to meet her burden of demonstrating that her deposits were special deposits. The creation of the escrow agreement to pay taxes and other

7

necessary fees did not give rise to a fiduciary relationship between Chase and plaintiff because Chase's conduct did not exceed the conventional role of a money lender. Accordingly, plaintiff's constructive fraud claim fails and the court will grant Chase's motion to dismiss the constructive fraud claim.

B.   Leave to Amend

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." Cal. Architectural Bldg. Prods. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Furthermore, while leave to amend must be freely given, the court is not required to allow futile amendments. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

This is the second time that the court has dismissed plaintiff's claim for constructive fraud for failure to state a claim because plaintiff failed to allege a fiduciary duty. The court also dismissed plaintiff's earlier fraud claim. Plaintiff has therefore been given three chances to plead a claim alleging some form of fraud, but is apparently unable to do so. Dismissal without leave to amend is therefore appropriate.[1]

IT IS THEREFORE ORDERED that Chase's motion to dismiss

---

[1] At oral argument, plaintiff's counsel expressed an interest in amending the SAC to include a new and different cause of action based on recently discovered facts. The court expresses no position on the merits of any such claim or the process by which plaintiff could seek to bring such a claim.

plaintiff's constructive fraud claim be, and the same hereby is, GRANTED WITH PREJUDICE.

DATED:  August 2, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE