UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DONNA RUTH O'CONNOR ROSE,<br><br>          Plaintiff,<br><br>     v.<br><br>J.P. MORGAN CHASE, N.A.,<br><br>          Defendant. | CIV. NO. 2:12-225 WBS CMK<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO ENFORCE SETTLEMENT AGREEMENT</u> |

----oo0oo----

     Plaintiff Donna Ruth O'Connor Rose brought this action against J.P. Morgan Chase, N.A., for breach of contract arising out of alleged misconduct related to her home mortgage loan.[1] Plaintiff contends that she accepted an offer by defendant to settle the case in exchange for a reduction of plaintiff's loan balance, and now moves to enforce that purported settlement

---

[1] Because the factual and procedural history of the case is not relevant to the issues decided in this Order, and because the court has described the factual background of this case at length before, (see Docket Nos. 25, 39), the court will not repeat it here.

1

1 agreement.² (Docket No. 57.)

2 Plaintiff first contends that defendant sent her a letter on September 25, 2013 informing her that she had been approved for a loan modification agreement on the same terms as the purported settlement agreement, and that this letter constituted an offer to settle the case. (See Pl.'s Mot. Ex. 1.) Even if defendant had made this offer, plaintiff did not accept it; indeed, later emails by plaintiff's counsel confirm that this offer, which required plaintiff to make an initial contribution of $25,000, was a "non starter" and an "outrageous counter-offer." (See Pl.'s Mot Ex. 2 at 7, 8.)

Plaintiff then contends that an e-mail sent by defendant's counsel on November 15, 2013, constitutes an acceptance of a settlement offer. This e-mail states: "I have a call[] scheduled with my in-house counsel on Monday. We still expect to resolve this case based on the loan modification we discussed. Let me call you Monday." (Id. at 3.) Despite plaintiff's insistence to the contrary, this e-mail is plainly not a written acceptance of a settlement offer, but simply refers to an earlier telephone conversation on October 28, 2013 about potential settlement terms between the parties.

During that conversation, defendant allegedly agreed to settle the case in exchange for a loan modification. Even if defendant had orally agreed to these settlement terms, that

---

² Although plaintiff initially moved for attorney's fees as part of her motion to enforce the settlement agreement, plaintiff clarified in her reply that she would "defer the issue of attorney fees to the Rule 11 motion plaintiff will be making." (Pl.'s Reply 9:17-19.) Accordingly, the court will not address the question of attorney's fees in this Order.

settlement agreement would be unenforceable.  In California, a settlement agreement concerning an interest in real property, like any such contract, is subject to the statute of frauds.  Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 800 (9th Cir. 1991) (citations omitted); Nicholson v. Barab, 233 Cal. App. 3d 1671, 1682 (2d Dist. 1991) (noting that a "number of California appellate cases . . . have impliedly concluded that the statute of frauds does apply to such agreements").  California's statute of frauds requires that any agreement concerning an interest in real property be in writing and signed by the party against whom the agreement is enforced.  Cal. Civ. Code § 1624.

        Plaintiff further contends that defendant orally agreed to reduce the principal balance of her mortgage loan by $20,000, that her attorney orally accepted this offer and confirmed acceptance by e-mail,[3] and that "all that Chase had to do was revise the modification agreement and send it to plaintiff." (Pl.'s Mot. to Enforce Settlement at 5-6.)  This purported agreement to modify the terms of plaintiff's loan is unenforceable because it is an oral contract affecting an interest in real property and therefore does not satisfy the Statute of Frauds.  See Secrest v. Sec. Nat'l Morg. Loan Trust 2002-2, 167 Cal. App. 4th 544, 554 (4th Dist. 2008) (reasoning

---

[3]  Plaintiff's subsequent confirmation of her acceptance by email does not satisfy the statute of frauds absent proof that defendant, the party against whom plaintiff seeks to enforce the settlement agreement, agreed to the terms of the settlement in a signed writing.  See Cal. Civ. Code § 1624.  As discussed above, the writings that plaintiff characterizes as evidence that defendant accepted the settlement agreement are not signed and do not manifest an acceptance.

3

that, because "a mortgage or deed of trust is a lien on property," an agreement to modify the terms of a mortgage loan is subject to the statute of frauds).

Several judges of this court have similarly held that a purported oral promise to modify a loan fails to satisfy the statute of frauds. See, e.g., Khan v. CitiMortgage, Inc., --- F. Supp. 2d ----, CIV. NO. 1:13-1378 LJO JLT, 2013 WL 5486777, at *4 (E.D. Cal. Sep. 30, 2013) ("Absent a written agreement to modify the loan, any claim based upon an oral contract to modify the loan is barred by the statute of frauds." (citing Secrest, 167 Cal. App. 4th at 552)); Basham v. Pac. Funding Grp., Civ. No. 2:10-96 WBS GGH, 2010 WL 2902368, at *6 (E.D. Cal. Jul. 22, 2010)(holding that a claim for breach of an oral loan modification agreement was barred by the Statute of Frauds).

In a series of cases beginning with Monarco v. Lo Greco, 35 Cal. 2d 621 (1950), California courts have held that a defendant is estopped from asserting the statute of frauds when it would result in the unjust enrichment of the defendant or in "unconscionable injury" to the plaintiff as a result of her reasonable reliance on the purported agreement. 35 Cal. 2d 624-25. The application of this doctrine, however, requires "unusual circumstances which give the injury an unjust and unconscionable character . . . . A simple allegation that a party has not lived up to its end of the bargain is not enough." SOAProjects, Inc. v. SCM Microsystems, Inc., No. 10-CV-01773-LHK, 2010 WL 5069832, at *7 (N.D. Cal. Dec. 7, 2010) (citations omitted); see also Carlson v. Richardson, 267 Cal. App. 2d 204, 208 (1st Dist. 1968) (holding that "loss of bargain, and damage resulting therefore,

1 | do not themselves estop a [promisor] from relying upon the
2 | statute of frauds."

3 | While plaintiff contends that defendant's failure to
4 | abide by the purported settlement agreement has left her "in the
5 | position of having no loan modification" on an "underwater
6 | property," (Pl.'s Reply at 9:10-13), these allegations do not
7 | show that she has suffered any unconscionable injury above and
8 | beyond the denial of a loan modification.  And while plaintiff
9 | contends that she sold another parcel of property that she "would
10 | have built on and moved to should she have lost her home" in
11 | reliance on the promise of a loan modification, (id. at 9:1-2),
12 | it is far from clear that this constitutes "unconscionable
13 | injury" or that plaintiff's reliance on the purported oral
14 | settlement was reasonable.  See Philippe v. Shappell Indus., 43
15 | Cal. 3d 1247, 1263 (1987) (holding that plaintiff's reliance on
16 | an oral agreement regarding a real estate commission was not
17 | reasonable because the lack of a written agreement "should have
18 | indicated to [plaintiff] that . . . there was no such agreement
19 | or that it would not be enforceable").  Accordingly, defendant is
20 | not estopped from asserting that the statute of frauds bars
21 | plaintiff's motion to enforce the settlement agreement, and the
22 | court must deny the motion.

23 | IT IS THEREFORE ORDERED that plaintiff's motion to
24 | enforce the settlement agreement be, and the same hereby is,
25 | DENIED.

26 | Dated:  January 14, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE